# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JOSE EMILIO E.-M.,[1]

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

Case No. 1:25-cv-02054-EGC (HC)

**ORDER GRANTING IN PART PETITIONER'S MOTION FOR ATTORNEY'S FEES PURSUANT TO EAJA AND DENYING RESPONDENTS' REQUEST TO HOLD IN ABEYANCE**

(Docs. 15, 19)

FOURTEEN-DAY DEADLINE

Petitioner Jose Emilio E.M. ("Petitioner"), formerly a federal detainee proceeding by counsel, initiated this action with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

Pending before the Court is the motion of Petitioner's counsel for the award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 15). Respondents filed an opposition. (Doc. 16). Petitioner filed a reply. (Doc. 17). Also pending before the Court is Respondents' request to hold Petitioner's motion in abeyance. (Doc. 19). Petitioner opposes that request. (Doc. 20).

The Court will grant Petitioner's motion in part and deny Respondents' request.

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. BACKGROUND

Following the parties' briefing on Petitioner's application for temporary restraining order and the merits of the petition, on February 12, 2026, the Court granted the petition and ordered that Respondents release Petitioner immediately, finding that Petitioner had a protected liberty interest and that due process requires a pre-deprivation hearing. (Doc. 13).

## II. LEGAL STANDARD

The EAJA provides for an award of attorney's fees and costs to private litigants who prevail "in any civil action (other than cases sounding in tort)" against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney's fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." 28 U.S.C. § 2412(d)(1)(A).

## III. ANALYSIS

Respondents originally opposed Petitioner's motion for award of attorney's fees and costs on the ground that the EAJA does not permit the award of attorneys' fees here because Respondents' position was "substantially justified." (*See* Doc. 16). Several months later Respondents filed a supplement, requesting that the Court hold this motion in abeyance pending the Supreme Court's decision in *Montoya Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057 (U.S. June 29, 2026).

### A. Respondents' Request for this Motion to be Held in Abeyance

The Court starts with Respondents' request to hold this case in abeyance, (Doc. 19 at 1–2), and will deny Respondents' request.

District courts have the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. The court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059,

1066 (9th Cir. 2007) (quoting *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 863–64 (9th Cir. 1979)). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva*, 593 F.2d at 863–64.

In determining whether to grant a stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "Among these competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* In addition, the "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

With respect to the first two factors, damage and hardship to the parties, Respondents assert that "Petitioner will not suffer any prejudice if this abeyance motion is granted because the Court has already decided the merits of the habeas petition." (Doc. 19 at 2).

If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. Here, the Court agrees with Petitioner that Respondents have not identified the existence of any hardship or inequity in the Court deciding the attorney's fees motion. (Doc. 20 at 4). Nor is the Court persuaded by Respondents' conclusory contention that Petitioner will not suffer any prejudice if the motion to stay is granted. *Palacios v. Liggins* has not been briefed or calendared for argument, and a stay of almost a year or more in resolving the instant motion could interfere with Petitioner's continued access to counsel. The Court accordingly finds that the first two factors weigh in favor of Petitioner.

Turning to the third factor, Respondents argue that *Palacios v. Liggins* may be dispositive of the pending fees motion in this case because the Supreme Court granted a writ of certiorari as to the issue of whether the "any civil action" language found in the EAJA includes an action seeking a writ of habeas corpus to challenge civil immigration detention. *See Palacios*, 2026 WL 1855057.

Thus, according to Respondents, staying the fees motion will "promote[ ] judicial efficiency and conserve[ ] judicial resources." (Doc. 19 at 2).

"In applying the third factor, courts find 'considerations of judicial economy are highly relevant.'" *Pac. Coast Fed'n of Fishermen's Assns. v. Raimondo*, No. 120CV00426DADEPG, 2022 WL 789122, at *69 (E.D. Cal. Mar. 11, 2022) (quoting *Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 WL 6986421, at *3 *(N.D. Cal. Dec. 10, 2014)). Here, the Court agrees with Respondents that a decision in *Palacios v. Liggins* is likely to provide guidance on the availability of attorney's fees under the EAJA.

To summarize, the Court finds that there is a risk of some prejudice to Petitioner if the Court stays the motion for attorney's fees pending the Supreme Court's decision in *Palacios v. Liggins*. On the other hand, considerations of judicial economy weigh slightly in favor of a stay, because the decision could inform the analysis in the pending motion. Because "[a] district court's concern for . . . judicial efficiency, standing alone is not necessarily a sufficient ground to stay proceedings," *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024) (citation and internal quotation marks omitted), the Court will exercise its broad discretion to manage its docket and decline to hold the motion for attorney's fees in abeyance. *See E.A.P.C. v. Wofford et al.*, No. 25-cv-01546 JLT-CDB (HC), 2026 WL 1983910, at *2 (E.D. Cal. July 9, 2026) (declining to hold a motion for attorney's fees in abeyance pending the Supreme Court's decision in *Palacios v. Liggins*).

**B. Whether Respondents' Position was "Substantially Justified" Under the EAJA**

On the merits, Respondents argue Petitioner should not be awarded fees under the EAJA because the government's positions in this litigation were substantially justified. (Doc. 16 at 1– 3).

To defeat a prevailing party's claim to attorney's fees under the EAJA, the government bears the burden of showing that its position was substantially justified. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (citing *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005)). To be substantially justified, the government's position must have a "reasonable basis" in law and fact. *Id*. (citations omitted). "When evaluating the government's 'position' under the EAJA, [courts] consider both the government's litigation position and the 'action or failure to act by the agency upon which the civil action is based.'" *Ibrahim v. U.S. Dep't of Homeland Security*,

912 F.3d 1147, 1168 (9th Cir. 2019) (*quoting* 28 U.S.C. § 2412(d)(1)(B)).

Respondents maintain in opposition to Petitioner's fee motion that their prelitigation and litigation positions were substantially justified given that Petitioner's detention was pursuant to a statute they assert mandates detention, (*see* Doc. 16 at 2–3 (citing 8 U.S.C. § 1225)). Respondents, however, continue to unreasonably discount the applicability of the Due Process Clause under the Fifth Amendment to the U.S. Constitution when, as here, immigration authorities seek to maintain custody of a noncitizen who had been released on their own recognizance, without any determinate endpoint or assertions of violations of release conditions. In Respondents' characterization of governing precedent, section 1225(b)'s provision for mandatory detention pending completion of removal proceedings entirely displaces applicability of the Due Process Clause such that indeterminate detention is not only warranted, but required. Thus, Respondents argued here that Petitioner has no liberty interest that could implicate a due process right to release because they were never lawfully admitted to the United States. (*See* Doc. 11 at 4–7) (arguing Plaintiff is an applicant for admission subject to mandatory detention).

But in making this argument, Respondents have *never* attempted to reconcile that after ICE detained Petitioner, Respondents then released Petitioner on their own recognizance, implicitly finding that his release presented neither flight nor danger risks. *See* 8 C.F.R. § 1236.1(c)(8) ("Any officer authorized to issue a warrant of arrest may, in the officer's discretion, release an alien not described in section 236(c)(1) of the Act, under the conditions at section 236(a)(2) and (3) of the Act; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding."). Nor have Respondents reconciled their argument with the case law holding that re-detention requires a *pre*-deprivation bond hearing barring exceptional circumstances. *See*, *e.g.*, *Ramirez Clavijo v. Kaiser*, No. 25-CV-06248-BLF, 2025 WL 2419263, at *4–6 (N.D. Cal. Aug. 21, 2025) (reaching the same conclusion); *Pinchi v. Noem,* No. 25-CV-05632-RMI (RFL), 2025 WL 1853763, at *1 (N.D. Cal. July 4, 2025) (same); *Diaz v. Kaiser*, No. 3:25-cv-05071, 2025 WL 1676854, at *2 (N.D. Cal. June 14, 2025) (same); *Romero v. Kaiser*, No. 22-cv-02508-TSH, 2022

WL 1443250, at *4 (N.D. Cal. May 6, 2022) (same); *Vargas v. Jennings*, No. 20-cv-5785-PJH, 2020 WL 5074312, at *4 (N.D. Cal. Aug. 23, 2020) (same).

In addressing a related provision of the INA governing mandatory detention of certain noncitizens, the Supreme Court has recognized that such mandatory detention "does not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute as we have now read it." *Nielsen v. Preap*, 586 U.S. 392, 420 (2019) (interpreting section 1226(c)). The most reasonable interpretation of *Preap* is that immigration detainees retain procedural due process rights notwithstanding the operation of a statute providing for a detainee's mandatory detention. Indeed, this interpretation—that statutory detention regimes are not to the exclusion of and do not displace a detainee's rights under the U.S. Constitution – is consistent with the Supreme Court's earlier holdings acknowledging this principle. *See Zadvydas v. Davis*, 533 U.S. 678, 693, 695 (2001) (holding that the government's statutory authority to detain noncitizens pending removal "is subject to important constitutional limitations" because due process applies to anyone in the United States, "whether their presence here is lawful, unlawful, temporary, or permanent"); *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953) (reiterating that a noncitizen who successfully enters the United States and afterwards is subject to removal proceedings retains due process rights) (citing cases), *superseded by statute on other grounds as stated in Dep't of Homeland Security v. Thuaissigiam*, 591 U.S. 103, 135 (2020).

Moreover, Petitioner was re-detained by the government when he voluntarily appeared at the ICE office for a regularly scheduled check-in on November 19, 2025, (*see* Doc. 13 at 2), well after many courts had already decided that such re-detention without a pre-deprivation hearing violated due process. *See Pinchi v. Noem*, 792 F.Supp.3d 1025 (N.D. Cal. July 24, 2025); *Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 494 (S.D.N.Y. Nov. 26, 2025) (noting over 350 cases across approximately 50 courts rejecting government's position); *M.R. v. Kaiser*, 791 F. Supp. 3d 1021, 1036–37 (N.D. Cal. 2025) (collecting cases). The Court of Appeals had long made it clear that civil immigration detention must be accompanied by adequate procedural safeguards. *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). Finally, the Ninth Circuit joined numerous other Circuit Courts of Appeals in holding that the proper detention authority for

noncitizens, like Petitioner, who have been released into the United States is the discretionary authority in 8 U.S.C. § 1226, not the mandatory detention authority exercised by respondents under 8 U.S.C. § 1225(b). *See Rodriguez Vazquez v. Bostock*, No. 25-6842, __ F.4th __, 2026 WL 2196424, at *31; *accord Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1262 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1246 (10th Cir. 2026); *Cirrus Rojas v. Olson*, No. 25-3127, __ F.4th __, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026); *Guerrero Orellana v. Moniz*, No. 25-2152, 2026 WL 2352042, at *17 (1st Cir. Aug. 13, 2026).

In light of the authority and the circumstances set forth above, the Court finds that Respondents' positions were not substantially justified because such positions do not have a "reasonable basis" in law and fact. *Thangaraja*, 428 F.3d at 874.

**C. Whether Petitioner's Fee Request is Reasonable**

In determining what constitutes "reasonable" attorney's fees under the EAJA, "the district court must apply the hybrid approach adopted in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)." *United States v. $12,248 U.S. Currency*, 957 F.2d 1513, 1520 (9th Cir. 1991). "First, the district court must calculate the lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. . . [n]ext, in rare instances, the court may increase or reduce the presumptively reasonable lodestar fee on the basis of factors" that are not captured by the lodestar calculation. *Id*.

Here, Respondents do not challenge the reasonableness of the amount of fees requested by counsel for Petitioner. (*See* Docs. 16, 19). According to their declaration, counsel for Petitioner, Attorney Salgado, spent approximately 32.5 hours on tasks associated with litigating the merits of the case. Additionally, counsel for Petitioner seeks to recover for approximately 9.5 hours of time spent by a paralegal on the litigation, as well as the $5.00 filing fee. (Doc. 15-2). Counsel attaches the signed declaration of Petitioner in support of the motion. (Doc. 15-3).

The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website. *See Thangaraja*, 428 F.3d at

876–77; "Statutory Maximum Rates," *available at* https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited July 8, 2026). This maximum rate—presently $258.46—controls unless the district court finds that a "special factor" warrants a higher rate, *see Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001), such as "where the quality of representation resulted in a degree of success beyond what would be reasonably expected at that rate." *Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan*, 792 F.2d 762, 766 (9th Cir. 1985). Here Petitioner seeks only the statutory rate for hours expended, which the Court finds to be reasonable. Counsel for Petitioner also requests paralegal fees at the rate of $125 per hour. (Doc. 15-2 at 2). Another judge of this District recently found this to be within the prevailing paralegal rate, and the Court finds this rate to be appropriate. *See Saesee v. Bisignano*, No. 1:21-cv-01562-SKO, 2026 WL 1398969, at *3 (E.D. Cal. May 19, 2026). The Court therefore finds the paralegal rate requested reasonable.

Counsel also attaches a billing ledger. (Doc. 15-4). Attorney Salgado billed approximately 32.5 hours on all tasks associated with the petition, including intake, preparing the petition and motion for temporary restraining order, communicating with Petitioner, and reviewing Court orders and Respondents' opposition to the petition. (*Id.*).

As to the billing entries for 9.5 hours of work conducted by a paralegal, the tasks as recorded on the billing entries do not appear to be duplicative. However, the Court finds some of the time expended to be clerical and not compensable. In general time expended by counsel on clerical tasks such as "filing, transcript, and document organization time" should not be awarded. *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009); *see also Harris v. L & L Wings, Inc.*, 132 F.3d 978, 985 (4th Cir. 1997) (approving the elimination of hours spent on clerical tasks from the lodestar calculation); *Jones v. Metropolitan Life Ins. Co.*, 845 F. Supp. 2d 1016, 1027 (N.D. Cal. 2012) (discounting time for "filing or retrieving electronic court documents or copying"). The billing ledger reveals several entries for purely clerical tasks, such as filing and compiling documents. Courts have determined these tasks are clerical in nature, and time expended should not be awarded. *See*, *e.g.*, *L.H. v. Schwarzenegger*, 645 F. Supp. 2d 888, 899 (E.D. Cal. 2009) (finding organizing documents appeared clerical, and declining to award fees where the applicant "tendered no

evidence that these are tasks that required the skill of a paralegal"); *L.H. v. Schwarzenegger*, 645 F. Supp. 2d 888, 899 (E.D. Cal. 2009) (finding organizing and updating files appeared clerical, and declining to award fees where the applicant "tendered no evidence that these are tasks that required the skill of a paralegal"). Therefore, the Court will deduct three hours of paralegal time for time associated with filing and the organization of exhibits. The Court finds that the time spent doing other tasks including preparing exhibits, service coordination, and documentation to be reasonably expended. (*See* Doc. 15-4).

Based on the Court's experience presiding over a significant number of immigration-related habeas corpus cases, coupled with the hours found reasonable by other courts in similar actions, the Court finds that counsel's expenditure in this action of 39 hours is reasonable. *See Doe v. Chestnut*, No. 1:25-cv-1372-CDB, 2026 WL 1459808, at *4 (E.D. Cal. May 25, 2026) (awarding $34,518.77 for 131.06 attorney hours and 4.3 paralegal hours); *Gurjinder S. v. Warden*, No. 1:26-CV-00188-TLN-CSK, 2026 WL 2110865, at *8 (E.D. Cal. July 22, 2026) (awarding $14,732.22 for 57 attorney hours and 3 legal assistant hours); *N.A.L.C. v. Wofford*, No. 1:25-cv-1917-KES-CDB, 2026 WL 1724739, at *5 (E.D. Cal. June 15, 2026) (recommending award of $7,685.05 for 13.6 attorney hours and 27.8 paralegal hours); *Karla D. R. v. Chestnut*, No. 1:26-cv-1137-TLN-CKD, 2026 WL 1906168, at *2 (E.D. Cal. July 2, 2026) (awarding $6,345.81 in attorney fees for 19.6 attorney hours and 10.2 paralegal hours); *E.A.P.C. v. Wofford*, No. 1:25-cv-1546-JLT-CDB, 2026 WL 1758394 (E.D. Cal. June 18, 2026), *report and recommendation adopted*, 2026 WL 1983910 (E.D. Cal. July 9, 2026) (awarding $5,828.30 for 6.3 attorney hours and 28 paralegal hours); *A.S. v. Sec'y of U.S. Dep't of Homeland Sec.*, No. 1:26-CV-01039-JLT-EGC (HC), 2026 WL 1847393, at *2 (E.D. Cal. June 26, 2026), *report and recommendation adopted sub nom. A.S. v. Noem*, No. 1:26-CV-01039 JLT EGC (HC), 2026 WL 2030166 (E.D. Cal. July 14, 2026) (recommending award of $3,235.75 for 12.5 attorney hours); *Oscar C.M. v. Knight*, No. 1:25-CV-01915-TLN-SCR, 2026 WL 743350 (E.D. Cal. Mar. 17, 2026) (awarding $2,966.44 for approximately 13 attorney hours).

In sum, the Court finds as follows:

(1) Total attorney hours deemed reasonable: 32.5 * $258.46/hr. = $8,399.95;

(2) Total paralegal hours deemed reasonable: 6.5 * $125.00 /hr. = $750;

(3) Filing fee = $5.00

(4) Total fees and costs deemed reasonable: $9,217.45.

In light of the above, and having found the requested amount reasonable, the Court will grant the motion in part.

## IV. CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED that:

1. Petitioner's motion for the award of attorney's fees, (Doc. 15), is GRANTED IN PART;
2. Respondents remit to counsel for Petitioner attorneys' fees and expenses in the amount of $9,217.45; and
3. This award SHALL be made payable to Petitioner, but if the Department of the Treasury determines that Petitioner does not owe a federal debt, then Respondents shall cause the payment of attorney's fees and expenses to be made directly to Petitioner's counsel.

IT IS SO ORDERED.

Dated: **September 4, 2026**

Erin Sug Castillo

UNITED STATES MAGISTRATE JUDGE